STATE *vs.* B. F. WHITAKER *et al.*

1. The owner of land in an incorporated town may lawfully remove a house from one part of his land to another, notwithstanding that, on petition filed for the purpose, the town authorities have ordered the laying out of a street on that portion of the land to which the house was removed, the street not having been actually laid off and located prior to such removal and the owner of the land not having notice of the petition.

2. Whether, in such case, land can be taken without just compensation, *quere*, but it certainly cannot be taken to subserve private interests. as when an inhabitant seeks to cause a street to be located on the land of another, because it will facilitate such applicant in the erection of a store to be used for his private benefit.

This was an indictment for obstructing a public street in the town of Enfield and was tried at the Spring Term 1871, of Halifax Superior Court, His Honor Judge Clarke presiding.

The facts are sufficiently stated in the opinion of the Court.

*The Attorney General* for the State.
*Moore & Gatling* for defendant.

BOYDEN, J.   This was an indictment charging the defendants with a nuisance in obstructing a public highway. The defendants pleaded not guilty, and on the trial the following facts were established:   One Peter Forbes a citizen, and one of the commissioners of the town of Enfield, on the 5th day of September, 1870, filed his petition addressed to the Board of Commissioners of said town, of whom he was one, setting forth in his petition, "that he was the owner in fee of a vacant lot in said town, that he was desirous of erecting on said vacant lot a store—a house of busiaess—but in consequence of an unnecessary bend in the road, the erection of his house of business would obstruct the said street, a very few feet.   There-

fore, your petitioner prays that your board, in order to *facilitate* your *petitioner* in the erection of said building, and to further improve the appearance and enhance the beauty of said street, leading from post office by Whitaker's, Ward's, Johnson's and others, that you extend the same from P. Levy & Son's corner, N. E. 120 feet at right angles, to the Scotland Neck road, and your petitioner will ever pray." It further appeared that on the 27th day of September, (12 days after the removal of the house,) the petition of Peter Forbes was heard by the commissioners and an order issued on that day for a jury of five free-holders to meet on the land designated in the petition, and to lay off the street and to report their assesments and proceedings, in due form to the board, and that on the first day of October, the jury of five free-holders went upon the land, laid off the street, but assessed no damages, and on the same day made a return to the board, signed by one of the jury. It further appeared in evidence that the defendants, when they removed their own house on their own land, had no notice of the proceeding of Forbes in filing his petition on the 5th day of September, 1870. So that the naked question in the cause is raised, whether these defendants have been guilty of a nuisance in obstructing a public highway by moving their own house from one portion of their own land and placing it upon another portion of it, when a petition had been filed to establish a public street, which was not laid off until after this removal.

It would seem from this short history of the case, as it appears upon the record, there cannot be the least difficulty in regard to the law of the case, and that the case does not in any way raise the grave and important question so ably discussed at the bar, by defendants, as to the power of the commissioners of the town of Enfield to condemn the private property of an individual, for public use, without full and just compensation. And it may be worthy of remark that the petitioner, Forbes, did not ask the condemnation of the land of

the defendants for the use of the public, but to *facilitate him* in the *erection* of a *store*—a *house of business*—for his own private benefit. We are by no means prepared to sanction the doctrine that private property can be taken for the *public use* without just compensation, but surely it cannot be thus taken for private use.

Upon this case His Honor charged the "jury that the defendants were not entitled to any notice of the proceedings before the Board of Commissioners, to establish or alter the street, but that as soon as the board decided to *lay off the street* it was, in contemplation of law, *laid out*, and that the defendants were guilty if they afterwards placed their house on any part of their own land, in the track of the contemplated street and before the same was actually laid off."

In this there was error. This will be certified.

PER CURIAM.                                      *Venire de novo.*